IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LYLE E. PAYNE,

        Plaintiff,

vs.                                Civil No. 12-cv-969-DRH

CAROLYN W. COLVIN,

        Defendant.

### ORDER for ATTORNEY'S FEES

**HERNDON, District Judge:**

Before the Court is plaintiff's Motion for Approval of Attorney's Fees Pursuant to 42 U.S.C. A. Section 406(b). (Doc. 27). Defendant has not filed a response, and the time for doing so has now expired. The Court deems the failure to respond to be an admission of the merits of the motion. SDIL-LR 7.1.[1]

After this Court reversed the decision denying plaintiff's application for benefits and remanded pursuant to sentence four of 42 U.S.C. §405(g), the Commissioner granted plaintiff's application. The contract between plaintiff and his attorney provides for a contingent fee equal to 25% of all past-due benefits awarded. The Commissioner awarded past-due benefits and withheld 25% of the past due amount ($10,564.48) pending court approval of the fee. See Doc. 27, Ex. 2, pp. 2 & 11.

42 U.S.C. §406(b)(1)(A) provides that the Court may allow a "reasonable fee,"

---

[1] While the Commissioner has no direct stake in the §406(b)(1) fee request, she "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798, n.6 (2002).

not in excess of 25% of the total of the past-due benefits. However, if the Court approves such a fee, "no other fee may be payable or certified for payment for such representation except as provided in this paragraph." *Ibid*.  In practical terms, this means that, in the event of an award under §406(b)(1), counsel must refund any amount previously awarded the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(B). Here, the amount awarded under the EAJA was used to pay plaintiff's pre-existing debt to the United States. Doc. 27, Ex. 1, ¶5 & Ex. 2, p. 4. Therefore, there will be no EAJA offset.

The Supreme Court has held that § 406(b)(1) controls, but does not displace, contingent fee agreement in social security cases:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Having reviewed the circumstances presented here, including the time and effort expended by counsel, the excellent result received by plaintiff, the amount of the past-due benefits and the value of the projected benefits over plaintiff's expected life span, the Court concludes that 25% of the past-due amount is a reasonable fee here. The Court notes that the Commissioner has not opposed counsel's request.

Wherefore, Plaintiff's Motion for Approval of Attorney's Fees Pursuant to 42 U.S.C. A. Section 406(b) (Doc. 27) is **GRANTED**. The Court awards Charles E. Binder, counsel for plaintiff, a fee of $10,564.48, representing 25% of the past-due

benefits.

**IT IS SO ORDERED.**

Signed this 22nd day of June, 2015.

Digitally signed by
David R. Herndon
Date: 2015.06.22
15:08:40 -05'00'

United States District Judge